145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus Sanchez DIAZ, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70373.
INS No. Acn-npk-rmg.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Sanchez-Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming the denial of his application for waiver of deportation under § 212(c) of the Immigration and Nationality Act. Because the BIA's final order of deportation was entered on March 26, 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997).
 
 
 3
 Section 309(c)(4)(G) of the IIRIRA provides that "there shall be no appeal permitted in the case of an alien [such as Diaz] who is ... deportable by reason of having committed a criminal offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D) or the Immigration and Nationality Act...." IIRIRA § 309(c)(4)(G). Diaz was deemed deportable under § 241(a)(2)(A)(iii) of the INA by reason of his having committed an aggravated felony and under § 241(a)(2)(B) by reason of his having committed a controlled substance offense. We therefore lack jurisdiction to hear Diaz's claim.[1] IIRIRA § 309(c)(4)(G); see Duldulao v. INS, 90 F.3d 396, 399 (9th Cir.1996).
 
 
 4
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We need not decide whether § 309(c)(4)(G) would preclude Diaz from asserting his claim in a collateral habeas corpus proceeding in federal district court. See Duldulao, 90 F.3d 396, 400 n. 4 (9th Cir.1996)